## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| VAKEIA ROACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND DARREN | § | |
| MORGAN, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle and Property Insurance Company in Cause No. DC–15–09835, pending in the 162nd Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about August 26, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *VaKeia Roach v. Allstate Vehicle and Property Insurance Company and Darren Morgan,* Cause No. DC–15–09835, pending in the 162nd Judicial District Court of Dallas County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Vehicle and Property Insurance Company.

1.2     Plaintiff served Defendant Allstate Vehicle and Property Insurance Company (Allstate) with Plaintiff's Original Petition and process on September 8, 2015, by certified mail through its registered agent, CT Corporation System.

1.3     Plaintiff served Defendant Darren Morgan (Morgan) with Plaintiff's Original Petition and process on September 5, 2015 at his residence located at 1314 James C. Road, Weatherford, Texas 76085, by certified mail.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-8" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PROPER PARTIES ARE DIVERSE

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Dallas County in the State of Texas and thus, is a citizen of Texas. *See* Exhibit B-1, § II.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir.

2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     Defendant Darren Morgan, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Exhibit B-1, § II.

**B.     MORGAN WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED**

2.6     The improper joinder doctrine is an exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005)). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).[1] Under the second method, the test is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Cuevas*, 648 F.3d. at 249 (quoting *Smallwood*, 385 F.3d. at 573) (emphasis added). In order to determine whether a plaintiff has a reasonable basis of recovery against the non-diverse defendant, the court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the

---

[1] In the present matter, Allstate contends Plaintiffs are unable to establish a cause of action against the non-diverse party in state court.

allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[2] *Smallwood*, 385 F.3d at 573.

       2.7     Here, Plaintiff asserts generic claims against Morgan for violations of the Texas Insurance Code, as well as breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, fraud, conspiracy, aiding and abetting, negligence and negligent misrepresentation. *See* Exhibit B-1, § VI.  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Morgan because no real facts relating to him have been set forth.  Plaintiff's claims against Morgan consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Morgan] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Morgan, his presence should be disregarded in determining diversity jurisdiction.

       C.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

       2.8     In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount

---

[2] Alternatively, the district court may "pierce the pleadings and conduct a summary inquiry," which is a very limited method. *See Smallwood*, 385 F.3d. at 573.

in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.9     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

2.10     Plaintiff has specifically pled that she is seeking monetary relief over $100,000. *See* Exhibit B-1, § VIII. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was served with Plaintiff's Original Petition and process on September, 2015. Further, Defendant Morgan was served with Plaintiff's Original Petition and process on September 5, 2015. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Although Defendant Morgan has been served, his consent is not required in this case as he has been fraudulently joined solely to defeat diversity jurisdiction.[3]  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Property Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ *Roger D. Higgins*
Roger D. Higgins

---

[3] Although Morgan's consent is not necessary, Morgan does consent to this removal. See Exhibit "C."

State Bar No.  09601500, IL 6182756
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:          (214) 871-8200
Fax:                     (214) 871-8209

ATTORNEYS FOR DEFENDANTS
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND DARREN
MORGAN

## CERTIFICATE OF SERVICE

This is to certify that on October 5, 2015, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

> Eric Quiroz
> eric@speightsfirm.com
> SPEIGHTS & WORRICH
> 1350 North Loop 1604 East, Suite 104
> San Antonio, Texas 78232
> Facsimile: (210) 495-6790

*/s/ Roger D. Higgins*
Roger D. Higgins