UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAKEIA ROACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-3228-G |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff, Vakeia Roach ("Roach"), to remand this case to the state court from which it was previously removed (docket entry 13). For the reasons set forth below, the motion is granted.

I. BACKGROUND

The causes of action in this case arise out of Roach's insurance claim for damage, caused by a hail and windstorm, to her real property. See Plaintiff's Original Petition ("Petition") ¶¶ V (A-X) (docket entry 1-3). Roach submitted a claim for damages to her property under an insurance policy issued by the defendant Allstate Vehicle and Property Insurance Company ("Allstate"). *Id.* ¶ V (A, E). Allstate

assigned an adjuster, the individual defendant Darren Morgan ("Morgan"), to investigate Roach's claim. *Id.* ¶ V (G).

Roach asserts that Morgan "improperly adjusted" her claim, "conducted a substandard inspection," "misrepresented the cause of, scope of, and cost to repair the damage" to her property as well as "the amount of and insurance coverage for" her loss under the insurance policy. *Id.* ¶ V (H). Roach avers that she and Allstate relied on Morgan's misrepresentations, which caused Allstate to underpay her on her insurance claim. *Id.* Further, Roach claims that Morgan advised her how she could repair her property to prevent further damage, and such advice was "negligent and false because it turns out [she] could not properly repair her [p]roperty and prevent future damage by following Morgan's advice." *Id.*

Also, Roach maintains that Morgan misrepresented that the damages caused by the storm were below the deductible when in fact the damages exceeded $44,000. *Id.* ¶ V (I). Further, Roach avers that Morgan and Allstate violated numerous provisions of the Texas Insurance Code. *Id.* ¶¶ V (O-U).

On August 26, 2015, Roach filed suit against Morgan and Allstate in the 162nd Judicial Court of Dallas County, Texas, for damages resulting from the alleged mishandling of her insurance claim and for unfair settlement practices. Notice of Removal ("Notice") ¶ 1.1 (docket entry 1). On October 5, 2015, Allstate removed the case to this court, contending that the court has subject matter jurisdiction

because Morgan was improperly joined in the lawsuit to defeat diversity jurisdiction. *Id.* ¶¶ 2.6-2.7. On November 18, 2015, Roach filed the instant motion to remand. Allstate filed a timely response (docket entry 15), to which Roach served a timely reply (docket entry 17). The motion is now ripe for consideration.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party

seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶ 2.2. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). Here, Roach and Morgan are citizens of Texas, while Allstate is a citizen of Illinois. Notice ¶¶ 2.3-2.5.

2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*

*v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005)).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporatio*n, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper. *Smallwood*, 385 F.3d at 574. This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The court can only deny the plaintiff's motion for remand if, as a matter of law, there is

absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court. See *B., Inc.*, 663 F.2d at 554. If the defendant cannot prove improper joinder, remand is mandated. *Smallwood*, 385 F.3d at 575.

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. If the complaint survives the analysis, there is generally no improper joinder. *Id.*

The Fifth Circuit's use of the phrase "Rule 12(b)(6)-type analysis" does not indicate that this inquiry requires application of the federal motion to dismiss standard detailed in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In fact, "[t]he majority of courts have held that a federal court should not look to the federal standard for pleading . . . to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when . . . the state pleading standard is more lenient." *Edwea, Inc. v. Allstate Insurance Company*, No. 10-CV-2970-H, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (citing, *e.g.*, *Warren v. State Farm Mutual Automobile Insurance Company*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the

court assesses the sufficiency of the factual allegations of [the plaintiff's] complaint under Texas's notice-pleading standard.”)).

The Fifth Circuit recently held that Texas’s notice pleading standard applies when federal courts decide whether a defendant has been properly joined. *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 800 F.3d 143, 149 (5th Cir. 2015); *Mainali Corporation v. Covington Specialty Insurance Company*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *3 n.2 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Furthermore, “the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands.” *Henderson v. Washington National Insurance Company*, 454 F.3d 1278, 1284 (11th Cir. 2006). Thus, Texas’s fair notice pleading standard applies.

3. *Pleading Standard under Texas Law*

Rules 45 and 47 of the Texas Rules of Civil Procedure detail the pleading standard under Texas law. In relevant part, Rule 45 requires a complaint to “consist of a statement in plain and concise language of the plaintiff’s cause of action . . . . That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole.” TEX. R. CIV. P. 45(b). Rule 47 reiterates the essential element of Texas’s pleading

regime: the text of the complaint must be "sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). A party satisfies this pleading standard if "an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant." *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.--Eastland 2004, no pet.). This standard does "not require that the plaintiff set out in [her] pleadings the evidence upon which [s]he relies to establish [her] asserted cause of action." *Paramount Pipe & Supply Company, Inc. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988) (citing *Edwards Feed Mill v. Johnson*, 158 Tex. 313 (1958)).

Allstate contends that Texas's fair notice standard "has been brought in line with the federal pleading standard" since the Texas Supreme Court adopted TEX. R. CIV. P. 91a. Response at 6 (citing *Oldham v. Nationwide Insurance Company of America*, No. 3:14-CV-0575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5, 2014) (Boyle, J.)). The Supreme Court of Texas has not articulated the effect TEX. R. CIV. P. 91a has on the pleading standard under TEX. R. CIV. P. 45(b) and TEX. R. CIV. P. 47(a). Both Texas state appellate courts and federal courts interpreting TEX. R. CIV. P. 91a disagree on its impact on Texas's fair notice pleading standard. Compare *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.--Houston [14th Dist.] 2014, pet. denied) (concluding that courts are to apply the fair notice standard in a Rule 91a motion to dismiss context) and *Mainali Corporation*, 2015 WL 5098047, at *3 n.2 (concluding

that Rule 91a leaves the fair notice pleading standard unaltered) with *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.--Beaumont 2014, pet. denied) (concluding that Rule 91a is analogous to FED. R. CIV. P. 12(b)(6) and petitions must state a claim to relief that is plausible on its face) and *Bart Turner & Associates v. Krenke*, No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014) (Lindsay, J.) ("The standard for pleading in Texas is still fair notice; however, fair notice must now be judged in the context of Rule 91a.").

TEX. R. CIV. P. 91a permits state courts to dismiss claims under an analysis similar to federal courts' analysis, interpreting FED. R. CIV. P. 8(a), when considering a FED. R. CIV. P. 12(b)(6) motion to dismiss. *GoDaddy.com*, 429 S.W.3d at 754; *City of Dallas v. Sanchez*, 449 S.W.3d 645, 655 (Tex. App.--Dallas), *reh'g overruled* (Dec. 29, 2014), *pet. for review filed* (Mar. 9, 2015). While TEX. R. CIV. P. 91a does not expressly change either TEX. R. CIV. P. 45(b) or TEX. R. CIV. P. 47(a), a state court petition is now susceptible to dismissal under TEX. R. CIV. P. 91a. Therefore, some courts have held that the fair notice standard "must now be judged in the context of Rule 91a." *Krenke*, 2014 WL 1315896, at *3. TEX. R. CIV. P. 91a requires that allegations have a "basis in law and fact" and forbids consideration of evidence outside the pleadings and exhibits attached thereto. *See* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together

with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.").

Under *International Energy Ventures Management, L.L.C.*, 800 F.3d at 149, this court applies the Texas fair notice pleading standard to interpret whether Roach's claim against Morgan is sufficient. Since there is no clear interpretation from Texas state courts on Rule 91a's effect on the fair notice pleading standard, and the court is to defer to state courts for the interpretation of state law, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938), the court does not determine Rule 91a's effect on the fair notice pleading standard. Since there is "ambiguity or uncertainty" regarding Rule 91a's effect on Texas's fair notice pleading standard, the court must resolve the issue in the plaintiff's favor. *Griggs*, 181 F.3d at 699. Therefore, the court applies Texas's fair notice pleading standard unaltered by Rule 91a. See *Wooley*, 447 S.W.3d at 76; *Mainali Corporation*, 2015 WL 5098047, at *3 n.2.

4. *Liability under Texas Insurance Code*

Roach contends, among other claims, that Morgan, an individual insurance adjuster, violated various sections of Chapter 541 of the TEX. INS. CODE and the Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq*. *See* Petition 7-18. Texas law recognizes suits against insurance adjusters in their individual capacities under the TEX. INS. CODE, see TEX. INS. CODE § 541.002(2), and

the Texas Supreme Court has "specifically held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Centaurus Unity v. Lexington Insurance Company*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (quoting *Vail v. Texas Farm Bureau Mutual Insurance Company*, 754 S.W.2d 129, 132 (Tex. 1998)) (other citation omitted). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the TEX. INS. CODE, and may be found liable under it. *Id.* (citing *Gasch v. Hartford Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the TEX. INS. CODE)). Furthermore, the TEX. INS. CODE allows an insured to file a claim through its tie-in statute, see TEX. INS. CODE ANN. § 541.151(2), for deceptive acts or practices listed in Section 17.46(b) of the DTPA, see TEX. BUS. & COM. CODE § 17.46(b). *Id.* at 787-88.

B. Application

1. *Roach adequately alleged that Morgan violated TEX. INS. CODE § 541.060(a)(2)*

Because Texas law recognizes claims against adjusters like Morgan in their individual capacities, the relevant inquiry is whether Roach has properly stated a claim against Morgan for his conduct as an individual adjuster. In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Morgan, the non-diverse, in-state defendant, for violations of Chapter 541 of the

TEX. INS. CODE, the DTPA, breach of duty of good faith and fair dealing, fraud, conspiracy, aiding and abetting the alleged torts, and negligent misrepresentation. See *Smallwood*, 385 F.3d at 573. The court need not decide whether Roach has sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict she can potentially recover on any of these causes of action, the court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056–M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

Roach focuses her contention that she has pleaded a claim against Morgan on her claim that Morgan's misrepresentation -- that the amount of hail and wind damage to her property was less than the policy deductible -- violated TEX. INS. CODE § 541.060(a)(2). *See* Plaintiff's Brief in Support of her Opposed Motion to Remand at 9-11 (docket entry 14); Plaintiff's Reply in Support of her Motion to Remand at 4-8 (docket entry 17). As previously stated, individual insurance adjusters may be held liable for violations of TEX. INS. CODE § 541. *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). Numerous courts have concluded that an insurance adjuster may be held personally liable for engaging in

unfair settlement practices under TEX. INS. CODE § 541.060(a)(2). See *Denley Group, LLC v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1183-B, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Insurance Company*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2-3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015).

Despite significant case law supporting adjuster liability under § 541.060(a)(2), a few courts have recently concluded that an insurance adjuster cannot be held liable under § 541.060(a)(2). See *One Way Investments, Inc. v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Messersmith v. Nationwide Mutual Fire Insurance Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.). In the above cases, the courts reason that the adjuster cannot be liable for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of" a claim because the adjuster "does not have settlement authority on behalf of [the insurance company]" and his"sole role is to assess the damage." *Messersmith*, 10 F. Supp. 3d at 724 (internal quotations omitted); see also *One Way Investments*, 2014 WL 6991277, at *4 (citing *Messersmith*, 10 F. Supp. 3d at 724).

The court respectfully disagrees with the recent line of cases concluding that insurance adjusters cannot be held liable under § 541.060(a)(2) because this court finds such a reading unduly narrows the scope of the provision, as it renders the term "effectuate" superfluous. Webster's Dictionary defines the word "effectuate" by reference to the definition for "effect," meaning "to cause to come into being" or "to bring about." *Effectuate*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 367-68 (10th ed. 1999). The Texas legislature's decision to use the word "effectuate" instead of the word "finalize" indicates that § 541.060(a)(2)'s "prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim." *Denley Group, LLC*, 2015 WL 5836226, at *4.

Further, the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the "prompt, fair, and equitable settlement" of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based. See *Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013) (Fitzwater, Chief J.) ("Adjusters play a role in the investigation, estimation, and settlement of insurance claims."); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002) (noting that the adjuster "engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims"); *Denley*, 2015 WL 5836226, at *4 ("[A] delay in an adjuster's

investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim.").

Also, in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the TEX. INS. CODE must be resolved in favor of remand. See *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (holding that "any ambiguities of state law must be resolved" in favor of remand); see also *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013). The court declines to usurp the authority of Texas courts to determine whether Texas law provides the requested relief against adjusters as a matter of law and instead only asks whether there is a reasonable basis to predict that Roach might be able to recover against Morgan. *Smallwood*, 385 F.3d at 573; *Shade Tree Apartments*, 2015 WL 8516595, at *6.

Here, Roach asserts that Morgan failed to attempt to effectuate an equitable settlement by "conduct[ing] a substandard inspection," "fail[ing] to include many" of Roach's damages in his report, "misrepresent[ing] the cause of, scope of, and cost to repair the damage" to Roach's property, and "ma[king] these and other misrepresentations" to both Roach and to Allstate. Original Petition ¶ V (H). Roach maintains that she and Allstate relied on these misrepresentations and as a result Allstate's proposed settlement was inadequate, caused Allstate to underpay her on her insurance claim, and caused further damage to her property. *Id.*

The court finds that Roach has pleaded a potentially valid claim for relief against Morgan under the TEX. INS. CODE § 541.060(a)(2). Roach's petition identifies Morgan as the insurance adjuster, Original Petition ¶ V (G), and specifically alleges that he and Allstate violated § 541.060(a)(2). *Id.* ¶ V (O). Although Roach recites the statutory provision, "a near-verbatim recitation . . . does not preclude the possibility of recovering" against the adjuster so long as the plaintiff has also alleged sufficient facts describing actionable conduct by the adjuster. *Hernandez v. Stillwater Insurance Company*, No. 3:14-CV-1560-G, 2014 WL 3700577, at *3 (N.D. Tex. July 25, 2014) (Fish, J.). Roach alleged that Morgan performed specific acts, including conducting a substandard investigation, Original Petition ¶ V (H), failing to include in his report all of the damages noted during his inspection, *id.*, undervaluing the damages he observed during the inspection as below the policy deductible--$589.65, *id.* ¶¶ V (H-I); Exhibit A to the Original Petition at 4--when the damages exceed $44,000.00, Original Petition ¶ V (I), unreasonably delaying the investigation, Original Petition at 9, and failing to properly adjust the claims, *id.* ¶ V (J) (all of which led to the underpayment of Roach's claim and an inequitable evaluation of Roach's losses). Therefore, Roach has sufficiently stated her claim that Morgan misrepresented the amount of damage to her property, a material fact related to the coverage at issue. See *Rodriguez v. Standard Guaranty Insurance Company*, No. 10-CV-3065-H, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (remanding a case

where allegations "resembl[ing] mere formulaic recitations of certain provisions of the [TEX. INS. CODE]" were "clarified and explained by" other allegations in plaintiff's petition specifically directed at the non-diverse defendant); *Warren v. State Farm Mutual Automobile Insurance Company*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, J.) (holding that factual allegations largely mirroring statutory language are sufficient to state a claim against the insurance adjuster individually); *Cardona v. ASI Lloyds*, No. 3:14-CV-3736-G, 2015 WL 93470, at *6 (N.D. Tex. Jan. 6, 2015) (Fish, J.).

2. *Plaintiff's original petition satisfies Texas's fair notice pleading standard*

Allstate contends that Roach's petition is insufficient under the Texas fair notice pleading standard because Roach "lumps" Allstate and Morgan together in her allegations within her petition. Response at 7-8 (citing *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (citing *Griggs*, 181 F.3d at 699)). In both *Studer*, 2014 WL 234352, at *4, and *Griggs*, 181 F.3d at 699, the plaintiff did not allege that the insurance adjuster committed any independent acts that would support violations of the TEX. INS. CODE. Here, Roach's allegations clearly distinguish between Morgan and Allstate, leaving no question that Morgan, rather than Allstate, allegedly conducted a substandard inspection of the hail and wind damage, allegedly misrepresented the damages to Allstate and Roach, and allegedly, negligently advised Roach how to repair the current damage to her home to

prevent further damage. *See* Original Petition ¶¶ V (H-I). Roach sufficiently alleged that Morgan's independent actions violated provisions of the TEX. INS. CODE.

The court concludes that Roach's allegations are sufficient, under the Texas fair notice pleading standard, to support a claim against Morgan in his individual capacity for violating TEX. INS. CODE § 541.060(a)(2)(A). Upon reviewing Roach's petition, an opposing attorney of reasonable competence could ascertain the nature of the controversy and the probable relevant testimony. See *Coffey*, 142 S.W.3d at 417. Therefore, Allstate has failed to establish that there is no reasonable basis to predict Roach's recovery against Morgan.

Having found Roach could potentially recover against Morgan for violations of, at a minimum, § 541.060(a)(2)(A), the court finds Morgan was not improperly joined. *Exchange Services, Inc. v. Seneca Insurance Co.*, No. 3:15-CV-1873-M, 2015 WL 6163383, at * 6 (N.D. Tex. Oct. 16, 2015) (Lynn, J.) ("Whether or not [Roach] will ultimately prevail on [her] claims against Morgan is irrelevant. It is not the court's role to evaluate the merits of the claims at this stage of the litigation."). Because Roach has asserted a potentially valid claim against Morgan, Morgan has been properly joined. Morgan's status as a Texas citizen for purposes of 28 U.S.C. § 1332 destroys diversity jurisdiction and therefore requires the court to remand the action. *See* 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**. Accordingly, this case is **REMANDED** to the **162nd Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

February 29, 2016.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**